IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | |
| DAVEY HONEYCUTT, et al., : | CRIMINAL ACTION NO. |
| : | 2:12-CR-00022-RWS |
| Defendants. : | |
| : | |
| : | |

## **ORDER**

This case is before the Court for consideration of the following Reports and Recommendations ("R&Rs") of Magistrate Judge J. Clay Fuller: December 3, 2012 R&R [133], February 28, 2013 R&R [239], March 29, 2013 R&R [259], April 11, 2013 R&R [267], April 11, 2013 R&R [269], and May 9, 2013 R&R [281]. After reviewing the record, the Court enters the following Order.

**December 3, 2012 and February 28, 2013 R&Rs [133, 239]**

In the December 3, 2012 R&R [133], Judge Fuller addresses Motions to Dismiss Indictment filed by Defendants Thomas Coley [70], Phillip Alexander [73], Davey Honeycutt [88], and adopted by Phillip Honeycutt [103]. Objections to the R&R were filed by Defendants Thomas Coley [135] and

Davey Honeycutt [144]. Relying on the decision in United States v. Arbane, 446 F.3d 1223 (11th Cir. 2006), Defendants assert that the legal theory of conspiracy fails as a matter of law because the conspiracy was with a government agent. However, as pointed out in the R&R, the Indictment charges a conspiracy among the various defendants and not simply with the government agent. Arbane holds that: "If there are only two members of a conspiracy, neither may be a government agent or informant who aims to frustrate the conspiracy." Id. at 1228. Defendants' objections are **OVERRULED**, and the Report and Recommendation [133] is received with approval and adopted as the Opinion and Order of this Court. Accordingly, the Defendants' Motions to Dismiss the Indictment [70, 73, 88, 103, 133, and 239] are **DENIED**.

After the R&R [133] was issued, Defendant David Rizo-Troncoso filed Motions to Dismiss [233, 234, 235] adopting the earlier-filed motions to dismiss of Defendants Coley [70], Alexander [73], and Davey Honeycutt [88]. The February 28, 2013 R&R [239] adopts the December 3, 2012 R&R [133]. The Court, likewise, adopts its rulings regarding the December 3, 2012 R&R [133]. Accordingly, Defendant Rizo-Troncoso's Motions to Dismiss [233, 234,

2

235] are **DENIED**.

**March 29, 2013 R&R [259]**

In the March 29, 2013 R&R [259], Judge Fuller recommends that the Motions to Suppress Evidence by Defendants Davey Honeycutt and Phillip Honeycutt [78, 81] and the Motions to Suppress Statements by these same Defendants [79, 80] be denied. Defendants filed Objections [266, 271] to the R&R asserting that the use of flash bang bombs at the time of the entry into the residence was unreasonable and should result in suppression of the evidence and statements of Defendants. However, as pointed out in the R&R, no authority has been cited that suppression of evidence is required when the use of a flash bang device is determined to be excessive. The primary case relied upon by Defendants is Boyd v. Benton Co., 374 F.3d 773 (9th Cir. 2004) which was a civil rights suit brought alleging excessive use of force by police officers. Though the Boyd court found that the use of the flash bang device was an excessive use of force, the question of admissibility of evidence in a criminal proceeding was not addressed.

In his Objections [266], Defendant Davey Honeycutt challenges the

3

resolutions of a number of factual issues by Judge Fuller.  After reviewing the Objections, the Court concurs in Judge Fuller's conclusion that even if the use of a flash bang device upon entry into the home were unreasonable, suppression of the evidence later seized from the residence is not necessary.  This is based on a consideration of the totality of the circumstances involved in the search and seizure.  The Court agrees that the consents to search were voluntary as were the statements given by Defendants.

Therefore, the Report and Recommendation [259] is received with approval and adopted as the Opinion and Order of this Court.  Accordingly, the Defendants' Motions to Suppress Evidence and to Suppress Statements [78, 79, 80, 81] are **DENIED**.

## April 11, 2013 R&R [267]

Defendants Phillip Alexander and Thomas Coley filed Renewed Motions to Dismiss Indictment [222, 224] following the return of a Superseding Indictment [154].  The renewed Motions asserted the same grounds asserted in their original motions [70, 73].  For the same reasons stated in the December 3, 2012 R&R [133], Judge Fuller recommends denial of the Renewed Motions.

4

Defendants filed Objections [274, 275] to the R&R. After considering the Objections, the April 11, 2013 R&R [267] is received with approval and adopted as the Opinion and Order of this Court. Accordingly, Defendants' Renewed Motions to Dismiss Indictment [222, 224] are **DENIED**.

### April 11, 2013 R&R [269]

In the April 11, 2013 R&R [269], Judge Fuller recommends denial of Motions to Sever filed by Defendants Thomas Coley [218] and Jessi Castllo [256]. After reviewing the Report and Recommendation, it is received with approval and adopted as the Opinion and Order of this Court. Accordingly, the Motions to Sever filed by Defendants Coley [218] and Castillo [256] are **DENIED**, **WITHOUT PREJUDICE**.

### May 9, 2013 R&R [281]

In the May 9, 2013 R&R [281], Judge Fuller addresses the Motions to Dismiss Indictment filed by Defendants Jessi Castillo [216], David Rizo-Troncoso [241], and Josue Guerrero [246]. These Defendants seek dismissal of the Superseding Indictment [154] based on outrageous government conduct. They also assert that the allegations in the Indictment do not

5

constitute crimes. The R&R recommends denial of the Motion to Dismiss based on outrageous conduct for the same reasons stated in earlier orders. Defendant Castillo and Guerrero have filed Objections [286, 287] to the R&R. After considering the Objections, the Court concurs in the conclusions reached in the R&R.

Subsequent to issuance of the R&R, a Second Superseding Indictment [298] was returned. In light of the new allegations contained in the Second Superseding Indictment, the Court concludes that the Motion to Dismiss based on the failure of the Indictment to allege a crime is due to be **DENIED, AS MOOT.**

The May 9, 2013 R&R [281] is received with approval and adopted as the Opinion and Order of this Court with regard to Defendants' allegations about outrageous government conduct. Therefore, the Motions to Dismiss [216, 241, 246] on that ground are **DENIED**. The Motions to Dismiss [216, 241, 246] based on the failure of the Superseding Indictment to allege a crime are **DENIED**, **AS MOOT**.

6

**SO ORDERED** this  3rd  day of October , 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)